UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **WILLIAM FERRIS,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**NATIONAL ENTERPRISE SYSTEMS, INC.;** **and DOE 1-5,**<br><br>    **Defendants.** | Civil Action No. |

**COMPLAINT**
**(Jury Trial Demanded)**

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court exercises jurisdiction under 15 U.S.C. 1692k and 28 U.S.C. 1331. This District is of proper venue as Plaintiff is a resident within this District and Defendants engaged in the activities alleged herein while Plaintiff so resided.

1

## PARTIES

3. Plaintiff, William Ferris (hereinafter "Plaintiff" or "Mr. Ferris"), is a natural person residing in Spring, Texas. Defendant, NATIONAL ENTERPRISE SYSTEMS, INC. is a corporation believed to maintain its principle place of business at 29125 Solon Rd. in Solon, OH.

4. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOE 1-5, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities once ascertained. Plaintiff believes and thereon alleges that the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that such defendants are responsible to Plaintiff for damages and/or monies owed.

5. NATIONAL ENTERPRISE SYSTEMS, INC. and DOE 1-5 shall hereafter be jointly referred to as "Defendants."

6. Defendants regularly operate as third-party debt collectors and are "debt collectors" as defined by 15 U.S.C. 1692a.

## FACTUAL ALLEGATIONS

7. Defendants engaged in debt collection efforts in an attempt to collect a consumer debt allegedly owed by Mr. Ferris.

8. Defendants began placing calls to Mr. Ferris in May of 2016.

9. Defendants called Mr. Ferris's home telephone number at least 142-times between May 16, and October 7, 2016. Defendants often used an automated dialer and pre-recorded message to inundate Mr. Ferris with telephone calls.

10. On or about May 9, 2016, Mr. Ferris answered a call from a debt collector with National Enterprise Systems, Inc. The collector refused to disclose the purpose of the call or where he was calling from unless Mr. Ferris "verified" his identity by providing the last four digits of his social security number and date of birth. Mr. Ferris wisely declined to disclose such information to an entirely unknown party over the telephone. The call was mutually concluded without the collector having advised Mr. Ferris that he was a debt collector calling from National Enterprise Systems, Inc.

11. On June 13, 2016, Mr. Ferris spoke with Defendants for a second time. A debt collector with National Enterprise Systems, Inc. asked Mr. Ferris to provide his date of birth or his address, claiming that he needed to "verify" that Mr. Ferris was the person they were looking for. Mr. Ferris suggested that the collectors was trying to sell him an extended vehicle warranty and volunteered the last four digits of his car's VIN. The collector insisted on Mr. Ferris's date of birth. Mr. Ferris, in an attempt to ferret out why Defendants were calling him, suggested that they could be trying to sell him life insurance. Although Mr. Ferris plainly identified himself during the communication, the collector failed to disclose that he was a debt collector and that any information obtained could be used for that purpose.

12. NES also repeatedly left pre-recorded messages for Mr. Ferris from May through October 2016, the content of the messages being as follows: "Hello, we have an important message for William J. Ferris. If this is William J. Ferris press 1, if not press 2. We're sorry, we did not get your response. Goodbye."

13. On September 13, 2016, Defendants called and left a message for Mr. Ferris, the content of which is as follows: "William J. Ferris please press 1 now. To place this call on hold to allow time for this person to come to the phone, please press 2. If this is the correct household

but the person is not available, please press 3. If this person does not live at this address, please press 4."

14. Concerned and harassed by Defendants' activities, including the multitude of communications in which Defendants did not provide meaningful disclosure of their identity or the nature of their calls, Mr. Ferris retained counsel with Centennial Law Offices.

15. As a direct result of the collection activity herein alleged, Mr. Ferris has accrued legal fees of $2,255.00.

## CAUSES OF ACTION

### COUNT I

16. Plaintiff re-alleges paragraphs 1 through 15, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692d(6) by failing to provide meaningful disclosure of their identity in their communications with Plaintiff, specifically Defendants' name, that the communications were from a debt collector, and being made in an attempt to collect a debt.

### COUNT II

17. Plaintiff re-alleges paragraphs 1 through 15, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692(e)11 by failing to disclose in their communications with Plaintiff that the communications were from a debt collector being made in an attempt to collect a debt.

## COUNT III

18. Plaintiff re-alleges paragraphs 1 through 15, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692d by engaging in excessive telephone calls to Plaintiff, conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, recovery for each cause of action in the alternative, as follows:

1.) For statutory damages in the amount of $1,000 pursuant to 15 U.S.C. 1692k(2);

2.) For $2,255.00 in legal fees incurred in responding to unlawful collection activity;

3.) For prejudgment interest in an amount to be proved at time of trial;

4.) For attorney's fees pursuant to 15 U.S.C. 1692(k);

5.) For the costs of this lawsuit; and

6.) For any other and further relief that the court considers proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Date: May 5, 2017                    s/Robert Amador

                                                      Robert Amador, Esq. (CA State Bar # 269168)
                                                      Attorney for Plaintiff WILLIAM FERRIS
                                                      (Attorney-in-charge; Pro Hac Vice)
                                                      Centennial Law Offices

9452 Telephone Rd. 156  
Ventura, CA. 93004  
(888)308-1119 ext. 11  
(888) 535-8267 fax  
R.Amador@centenniallawoffices.com